The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner George T. Glenn, II and the briefs and arguments on appeal. The appealing party has shown good ground to reconsider the evidence.
Plaintiff filed an Industrial Commission Form 18 Report of Injury and an Industrial Commission Form 33 Request for Hearing on 16 September 1996. At the hearing on 17 February 1998, defendant admitted that it had failed to timely file an Industrial Commission Form 19 as required by G.S. § 97-92(a) and Industrial Commission Rule 104. Nor did defendant file an Industrial Commission Form 33R with 45 days of 16 September 1996, as is required by Industrial Commission Rule 603. Additionally, defendant failed to comply with G.S. § 97-18(c), Industrial Commission Rule 103 and Industrial Commission Rule 601 by not filing a "detailed statement of the basis of [their] denial."
Despite its repeated failure to comply with Industrial Commission Rules, defendant did not waive its right to contest the issue of compensability. Therefore, the Full Commission hereby VACATES the prior Opinion and Award and REMANDS this case to a Deputy Commissioner for a hearing de novo.
However, because of defendant's failure to comply with industrial Commission Rules, the Full Commission hereby ORDERS that attorney's fees in the amount of $2,500.00 be assessed against defendant pursuant to Industrial Commission Rule 802. This fee shall be forwarded to counsel for plaintiff. Should plaintiff ultimately prevail in this matter, this award of attorney's fees shall be considered when determining the amount of attorney's fees awarded as a percentage of the compensation to which plaintiff may be entitled.
Defendant shall pay the costs of this proceeding.
 S/_____________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/_____________ RENEE C. RIGGSBEE COMMISSIONER
S/_____________ DIANNE C. SELLERS COMMISSIONER